1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

CIGARETTES CHEAPER!, a California corporation, and THE CUSTOMER COMPANY, a California corporation,

Plaintiffs,

v.

STATE BOARD OF EQUALIZATION, an agency of the State of California, ALTRIA GROUP, INC., a Virginia corporation, PHILIP MORRIS USA INC., and COSTCO WHOLESALE CORPORATION, a Washington corporation,

Defendants.

CASE NO.: 2:11-CV-00631-JAM-EFB

**ORDER GRANTING DEFENDANT PHILIP MORRIS USA INC.'S MOTION TO DISMISS**

Action Filed: January 18, 2011

[PROPOSED] ORDER GRANTING PHILIP MORRIS USA INC.'S MOTION TO DISMISS

PDF created with pdfFactory trial version www.pdffactory.com

1

550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

# <u>ORDER</u>

2    On June 15, 2011, the Motion to Dismiss brought by Defendant Philip Morris

3   USA, Inc. ("Philip Morris USA"), joined by Defendant Costco Wholesale

4   Corporation, came on for hearing before the Honorable John A. Mendez.  After

5   reviewing all pleadings in support of and in opposition to the Motion, and after

6   considering the oral arguments of counsel, the Court hereby **GRANTS** Philip Morris

7   USA's Motion and **DISMISSES** this action against Philip Morris USA **WITH**

8   **PREJUDICE**.

9    Plaintiffs' attempt to maintain a sales tax refund suit against Philip Morris USA

10   fails as a matter of law for the following independent reasons:

11   **I.      Plaintiffs Have Failed To Meet The Standing Requirements of Article III.**

12    Standing is a threshold requirement to maintain a lawsuit in federal court.  U.S.

13   Const. art. III, § 2; *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  The

14   "irreducible constitutional minimum" for standing requires the plaintiff to allege an

15   injury-in-fact that is:  (1) "fairly traceable" to the defendant's allegedly unlawful

16   conduct; and (2) likely to be redressed by the requested relief.  *Lujan*, 504 U.S. at 560-

17   561, 590.  Plaintiffs have failed to meet their burden of demonstrating Article III

18   standing.  The alleged wrongdoing, including making the tax rulings which Plaintiffs

19   dispute, assessment of a purportedly unlawful sales tax, and collection of the disputed

20   tax, was exclusively within the control of the State Board of Equalization (the "BOE")

21   and not Philip Morris USA.

22    At most, Plaintiffs allege that Philip Morris USA cooperated with the state

23   taxing authority in providing relevant sales information.  *See, e.g.*, Complaint, ¶ 1.

24   However, Philip Morris USA's cooperation with the BOE is not only authorized, it is

25   required under California law and therefore cannot serve as the basis of a claim

26

27

28

1

[PROPOSED] ORDER GRANTING PHILIP MORRIS USA INC.'S MOTION TO DISMISS

PDF created with pdfFactory trial version www.pdffactory.com

1  against Philip Morris USA.  Cal. Rev. & T. Code § 7055.  Plaintiffs' allegations are,

2  therefore, inadequate to establish Article III standing as a matter of law.[1]

3  **II.      Plaintiffs Have Failed To State A Claim Against Philip Morris USA.**

4  Plaintiffs' failure to allege a cognizable legal theory supported by well pled

5  facts provides an independent basis to dismiss with prejudice.  Relying only on legal

6  conclusions and without the benefit of any legal authority, Plaintiffs attempt to allege

7  two claims against Philip Morris USA under California Business and Professions

8  Code § 17200 *et seq.* ("Section 17200").  First, Plaintiffs' attempt to convert this tax

9  refund case into a Section 17200 claim is barred by Article XIII, § 32 of the California

10  Constitution and fails as a matter of law.  *See, e.g., Woosley v. State of Cal.*, 3 Cal. 4th

11  758, 792 (1992).  Plaintiffs cannot use Section 17200 to either expand the scope of

12  allowable remedies in a tax refund case or to circumvent the constitutional and

13  statutory restraints that California law places on tax refund suits.  Instead, "the sole

14  legal avenue for resolving tax disputes is a post-payment refund action" against the

15  BOE.  *State Bd. of Equalization v. Superior Court*, 39 Cal. 3d 633, 638 (1985).

16  Second, Plaintiffs have failed to allege facts sufficient to pass Rule 12(b)(6)

17  scrutiny under the principles set forth in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) and

18  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  Plaintiffs' Complaint makes

19  conclusory allegations that Philip Morris USA's conduct is "unfair," "deceptive" and

20  that it constitutes "price-fixing," but such labels need not be accepted as true on a

21  motion to dismiss.  *See, e.g., Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964,

22  968 (N.D. Cal. 2008), *aff'd*, 322 Fed. Appx. 489 (9th Cir. Apr. 2, 2009) (courts need

23  not "accept as true allegations that are conclusory, legal conclusions, unwarranted

24  deductions of fact or unreasonable inferences.").  Because Plaintiffs' Complaint does

25

26

27

28

_____

[1] Under the same analysis, Plaintiffs lack statutory standing under Section 17200.  *See, e.g., In re Tobacco II Cases*, 46 Cal. 4th 298, 305-06 (2009) (plaintiff must suffer injury-in-fact and lose money or property "'as a result of'" unfair competition).

2

[PROPOSED] ORDER GRANTING PHILIP MORRIS USA INC.'S MOTION TO DISMISS

550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

PDF created with pdfFactory trial version www.pdffactory.com

1    not contain sufficient factual matter, accepted as true, which states a claim to relief

2    that is plausible, dismissal is warranted.  *See Iqbal*, 129 S. Ct. at 1949.

3    **III.    Amendment Would Be Futile.**

4         Leave to amend is properly denied where amendment would be futile.  *Cal.*

5    *Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1472

6    (9th Cir. 1987) (futility is a valid reason for denying leave to amend).  Amendment

7    would be futile here because:  (1) Plaintiffs lack standing and the only remedy

8    available to them is a tax refund suit against the BOE (*see Lujan*, 504 U.S. at 560-561,

9    590 (harm *caused* by Defendant required for Article III standing));[2] (2) Plaintiffs'

10   Complaint relies only on threadbare allegations and legal conclusions (*see Ruiz v.*

11   *Mort. Elec. Registration Sys., Inc.*, No. CIV. S-09-0780 FCD, 2009 WL 2390824, *10

12   (E.D. Cal. Aug. 3, 2009)); and (3) Plaintiffs have failed to cite any legal authority to

13   oppose Philip Morris USA's Motion meaningfully (*see Allen v. Dollar Tree Stores,*

14   *Inc.*, No. C 10-4492 WHA, 2011 WL 198148, *1 (N.D. Cal. Jan. 20, 2011)

15   (dismissing action without leave to amend where "plaintiff fail[ed] to cite a single

16   legal authority in response to defendant's motion to dismiss" and instead relied on

17   implausible legal conclusions)).

18   **IV.    Conclusion**

19        For the foregoing reasons, the Court hereby **GRANTS** Philip Morris USA's

20   Motion and **DISMISSES** this action against Philip Morris USA **WITH**

21   **PREJUDICE**.

22   **IT IS SO ORDERED.**

23

24   Dated:  June 27, 2011                     /s/ John A. Mendez_____

25                                                          John A. Mendez
                                                            UNITED STATES DISTRICT JUDGE

26

27   _____
          [2] *See also United Food And Commercial Workers Unions, Employers Health and Welfare Fund*
28   *v. Philip Morris, Inc.*, 223 F.3d 1271, 1275 (11th Cir. 2000) (leave to amend properly denied on
     futility grounds because proffered cause of action failed to state a claim under applicable state law).

550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

3

PDF created with pdfFactory trial version www.pdffactory.com