Daveed A. Schwartz (SBN 200046)
dschwartz@lockelord.com
LOCKE LORD BISSELL & LIDDELL LLP
500 Capitol Mall, Suite 1800
Sacramento, CA 95814
Telephone: 916-930-2621
Facsimile: 916-471-0428

Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CIGARETTES CHEAPER!, a California corporation, and THE CUSTOMER COMPANY, a California corporation,<br><br>              Plaintiffs,<br>v.<br><br>STATE BOARD OF EQUALIZATION, an agency of the State of California, ALTRIA GROUP, INC., a Virginia corporation, COSTCO INC., and COSTCO WHOLESALE CORPORATION, a Washington corporation,<br>              Defendants. | CASE NO. 2:11-CV-00631-JAM-EFB<br><br>**ORDER GRANTING COSTCO WHOLESALE CORPORATION'S MOTION TO DISMISS**<br><br>Hearing Date: June 15, 2011<br>Time: 9:30 am<br>Courtroom: 6<br><br>Action Filed: January 18, 2011 |

## ORDER

Defendant Costco Wholesale Corporation ("Costco") joined Costco INC's Motion to Dismiss. On June 15, 2011, Costoc's Motion to Dismiss came on for hearing before the Honorable John A. Mendez. After reviewing all pleadings in support of and in opposition to the Motion, and after considering the oral arguments of counsel, the Court hereby **GRANTS** Costco's Motion and **DISMISSES** this action against Costco **WITH PREJUDICE**.

Plaintiffs' attempt to maintain a sales tax refund suit against Costco fails as a matter of law for the following independent reasons:

**I.     Plaintiffs Have Failed To Meet The Standing Requirements of Article III.**

Standing is a threshold requirement to maintain a lawsuit in federal court. U.S. Const. art. III, § 2; *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The "irreducible

PDF created with pdfFactory trial version www.pdffactory.com

1  constitutional minimum" for standing requires the plaintiff to allege an injury-in-fact that is: (1)
2  "fairly traceable" to the defendant's allegedly unlawful conduct; and (2) likely to be redressed by
3  the requested relief. *Lujan*, 504 U.S. at 560-561, 590.  Plaintiffs have failed to meet their burden
4  of demonstrating Article III standing.  The alleged wrongdoing, including making the tax rulings
5  which Plaintiffs dispute, assessment of a purportedly unlawful sales tax, and collection of the
6  disputed tax, was exclusively within the control of the State Board of Equalization (the "BOE")
7  and not Costco.
8       At most, Plaintiffs allege that Costco cooperated with the state taxing authority in
9  providing relevant sales information.  *See, e.g.*, Complaint, ¶ 10.  However, Costco's cooperation
10 with the BOE is not only authorized, it is required under California law and therefore cannot
11 serve as the basis of a claim against Costco.  Cal. Rev. & T. Code § 7055.  Plaintiffs' allegations
12 are, therefore, inadequate to establish Article III standing as a matter of law.[1]
13 **II.   <u>Plaintiffs Have Failed To State A Claim Against Costco.</u>**
14      Plaintiffs' failure to allege a cognizable legal theory supported by well pled facts
15 provides an independent basis to dismiss with prejudice.  Relying only on legal conclusions and
16 without the benefit of any legal authority, Plaintiffs attempt to allege two claims against Costco
17 under California Business and Professions Code § 17200 *et seq.* ("Section 17200").  First,
18 Plaintiffs' attempt to convert this tax refund case into a Section 17200 claim is barred by Article
19 XIII, § 32 of the California Constitution and fails as a matter of law.  *See, e.g., Woosley v. State*
20 *of Cal.*, 3 Cal. 4th 758, 792 (1992).  Plaintiffs cannot use Section 17200 to either expand the
21 scope of allowable remedies in a tax refund case or to circumvent the constitutional and statutory
22 restraints that California law places on tax refund suits.  Instead, "the sole legal avenue for
23 resolving tax disputes is a post-payment refund action" against the BOE.  *State Bd. of*
24 *Equalization v. Superior Court*, 39 Cal. 3d 633, 638 (1985).
25      Second, Plaintiffs have failed to allege facts sufficient to pass Rule 12(b)(6) scrutiny
26 under the principles set forth in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) and *Bell Atlantic Corp.*
27
28

---

[1] Under the same analysis, Plaintiffs lack statutory standing under Section 17200.  *See, e.g., In re Tobacco II Cases*, 46 Cal. 4th 298, 305-06 (2009) (plaintiff must suffer injury-in-fact and lose money or property "'as a result of'" unfair competition).

PDF created with pdfFactory trial version www.pdffactory.com

*v. Twombly*, 550 U.S. 544 (2007).  Plaintiffs' Complaint makes conclusory allegations that Costco's conduct is "unfair," "deceptive" and that it constitutes "price-fixing," but such labels need not be accepted as true on a motion to dismiss.  *See, e.g., Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 968 (N.D. Cal. 2008), *aff'd*, 322 Fed. Appx. 489 (9th Cir. Apr. 2, 2009) (courts need not "accept as true allegations that are conclusory, legal conclusions, unwarranted deductions of fact or unreasonable inferences.").  Because Plaintiffs' Complaint does not contain sufficient factual matter, accepted as true, which states a claim to relief that is plausible, dismissal is warranted.  *See Iqbal*, 129 S. Ct. at 1949.

### III.     Plaintiffs Fail to Allege Fraud With Rule 9(b) Particularity.

Where a Section 17200 plaintiff alleges fraud, a complaint must satisfy Federal Rule of Civil Procedure 9(b) by stating with particularity the circumstances constituting fraud by articulating "the who, what, when, where, and how of the misconduct alleged."  *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126-27 (9th Cir. 2009).  By alleging here that the defendants engaged in a "deceptive business practice" (Compl. ¶¶ 39-49), Plaintiffs seemingly allege a violation of the "fraudulent" prong of Section 17200.  Accordingly, Plaintiffs' allegations of fraudulent conduct must satisfy Rule 9(b) standards.  A complaint satisfies Rule 9(b) if it alleges "'with particularity' the time and place of the fraud, the statements made and by whom made, an explanation of why or how such statements were false or misleading when made, and the role of each defendant in the alleged fraud."  *See, e.g.,* S*nyder v. Ford Motor Co.*, 2006 WL 2472187, at *2 (N.D. Cal. Aug. 24, 2006) (citations omitted).  Thus, "[w]here the allegations in support of a claim fail to satisfy the heightened pleading requirements of Rule 9(b), the claim is subject to dismissal." Id., at *2 (citing *Vess v. Ciba-Geigy Corp USA*, 317 F.3d 1097, 1107 (9th Cir. 2003) (holding, *inter alia*, that where a plaintiff cannot possibly cure Rule 9(b) deficiencies by alleging other facts, dismissal without leave to amend it is not an abuse of discretion).

Plaintiffs fail to articulate their allegations of fraud against Costco with requisite Rule 9(b) particularity, nor could they on amendment.  In claiming that Costco in particular engaged in a deceptive business practice, Plaintiffs vaguely allege only that Costco "assisted" the BOE's auditing of certain retailers by providing the BOE with unspecified "selective retail data."

PDF created with pdfFactory trial version www.pdffactory.com

1  Compl. ¶ 47. The Complaint thereby fails to satisfy Rule 9(b), without limitation, because it
2  fails to identify such "selective retail data" with any particularity, fails to state when Costco
3  supposedly provided the BOE with such "selective retail data," and fails to allege with
4  particularity how Costco's having provided such "selective retail data" to the state's taxing
5  authority could possibly constitute "deceptive" or "fraudulent" conduct within the meaning of
6  Section 17200. As such, Plaintiffs' allegation that Costco engaged in a "deceptive business
7  practice" is dismissed for failure to comply with Rule 9(b) pleading standards.

**IV.     Plaintiffs Allege Only That Costco Engaged in Lawful Conduct.**

The California Supreme Court has instructed that a defendant's compliance with an express provision of law requiring or allowing certain activity precludes a claim for violation of Section 17200 based on the same activity. *See, e.g., Cel-Tech Comm., Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 184 (1999); *see also Lazar v. Hertz Corp.*, 69 Cal. App. 4th 1494, 1505-06 (1999) ("A business practice cannot be unfair if it is permitted by law. [Citation.] [Section 17200] does not apply if the Legislature has expressly declared the challenged business practice to be lawful in other statutes."), Under *Cel-Tech* and similar authority, Costco's alleged conduct in providing sales data to the BOE cannot possibly serve as the basis for a violation of Section 17200. Plaintiffs, therefore, have failed to state a claim upon which relief can be granted, and their Complaint against Costco is therefore dismissed on this basis as well.

**V.      Amendment Would Be Futile.**

Leave to amend is properly denied where amendment would be futile. *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1472 (9th Cir. 1987) (futility is a valid reason for denying leave to amend). Amendment would be futile here because: (1) Plaintiffs lack standing and the only remedy available to them is a tax refund suit against the BOE (*see Lujan*, 504 U.S. at 560-561, 590 (harm *caused* by Defendant required for Article III standing); *United Food And Commercial Workers Unions, Employers Health and Welfare Fund v. Philip Morris, Inc.*, 223 F.3d 1271, 1275 (11th Cir. 2000) (leave to amend properly denied on futility grounds because proffered cause of action failed to state a claim under applicable state law)); (2) Plaintiffs' Complaint relies only on threadbare allegations and legal conclusions (*see*

PDF created with pdfFactory trial version www.pdffactory.com

*Ruiz v. Mort. Elec. Registration Sys., Inc.*, No. CIV. S-09-0780 FCD, 2009 WL 2390824, *10 (E.D. Cal. Aug. 3, 2009)); and (3) Plaintiffs have failed to cite any legal authority to oppose Costco's Motion meaningfully (*see Allen v. Dollar Tree Stores, Inc.*, No. C 10-4492 WHA, 2011 WL 198148, *1 (N.D. Cal. Jan. 20, 2011) (dismissing action without leave to amend where "plaintiff fail[ed] to cite a single legal authority in response to defendant's motion to dismiss" and instead relied on implausible legal conclusions)).

**IV.  Conclusion**

For the foregoing reasons, the Court hereby **GRANTS** Costco's Motion and **DISMISSES** this action against Costco **WITH PREJUDICE**.

**IT IS SO ORDERED.**

Dated:  June 27, 2011                       /s/ John A. Mendez
                                            The Honorable John A. Mendez
                                            United States District Court Judge

PDF created with pdfFactory trial version www.pdffactory.com